IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| CARL MCCORMICK, SR.; <br> DENISE MCCORMICK; <br> CARL MCCORMICK, JR.; AND <br> SHENISE MCCORMICK, <br><br> Plaintiffs, <br><br> vs. <br><br> PSNC ENERGY D/B/A SCANA AND SCANA <br> ENERGY CORPORATION; AND <br> WATKINS HEATING AND CONDITIONING <br> CREEDMOOR D/B/A WATKINS HEATING <br> AND AIR CONDITIONING, INC., <br><br> Defendants. | ) Civil Action No. 3:05-2535-CMC-JRM <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **REPORT AND RECOMMENDATION** <br> ) <br> ) |

This is a civil action filed by four individuals pro se. The case is before the undersigned for review as no action has taken place in this case since the March 29, 2006 entry of a Stipulation of Dismissal with Prejudice as to the only Defendant on which service of process was returned executed: PSNC Energy d/b/a SCANA and SCANA Energy Corporation ("SCANA").[1] In a September 1, 2006 order, the undersigned granted Plaintiffs twenty days to inform the Court as to whether or not they desired to continue this action against Watkins Heating and Conditioning of Creedmoor d/b/a Watkins Heating and Air Conditioning, Inc. ("Watkins"). Plaintiffs have not responded to the order. The undersigned recommends that this action be dismissed against Defendant Watkins pursuant to Federal Rule 4(m) for the failure of Plaintiffs to serve Defendant Watkins.

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC.

>    Federal Rule of Procedure 4(m) provides:
>
>    If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). On January 12, 2006, the undersigned entered an order which, among other things, authorized issuance of the summonses and service of the Amended Complaint by the United States Marshals Service on both Defendants (Doc. 13). The summonses were issued that same day, but only one Defendant (SCANA) answered. On March 7, 2006, service on Watkins was returned unexecuted (Doc. 22). No further effort has been made by Plaintiffs to provide any different service address for Defendant Watkins in order to make another attempt to serve Watkins.

## CONCLUSION

It is recommended that Defendant Watkins Heating and Conditioning of Creedmoor d/b/a Watkins Heating and Air Conditioning, Inc. be dismissed without prejudice from this action.[2]

        Respectfully submitted,

        s/Joseph R. McCrorey
        United States Magistrate Judge

October 4, 2006
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[2] If this recommendation is adopted, this will effectively work as a dismissal of the entire case as the only other Defendant (SCANA) was previously dismissed.

Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
&
The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
